# IN THE COURT OF APPEALS OF IOWA

No. 19-0107
Filed March 6, 2019

**IN THE INTEREST OF S.L.,**
**Minor Child,**

**D.D., Father,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Linn County, Barbara H. Liesveld, District Associate Judge.

　　A father appeals the termination of his rights in his child. **AFFIRMED.**

　　John D. Jacobsen of Jacobsen, Johnson and Wiezorek, P.L.C., Cedar Rapids, for appellant father.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　Julie F. Trachta of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

　　Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

The juvenile court terminated Dominic's rights in his minor child, S.L. (age 23 months), pursuant to Iowa Code section 232.116(1)(h) (2018). In this appeal, Dominic claims there is insufficient evidence supporting the statutory ground authorizing the termination of his parental rights. He also claims termination of his parental rights is not in the child's best interest, his bond with the child should preclude termination of his rights, and he should be granted an additional six months to work toward reunification.

We review termination-of-parental-rights proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated in full herein. *See In re A.S.*, 906 N.W.2d 467, 472-73 (Iowa 2018) (setting forth the statutory framework). The burden is on the State to prove by clear and convincing evidence (1) the statutory ground or grounds authorizing the termination of parental rights and (2) termination of parental rights is in the best interest of the child. *See In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017).

We first address Dominic's challenge to the sufficiency of the evidence. Pursuant to Iowa Code section 232.116(1)(h), the juvenile court may terminate parental rights when the State has proved by clear and convincing evidence each of the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or

for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

We have found the last element "require[s] clear and convincing evidence the child[ ] would be exposed to an appreciable risk of adjudicatory harm if returned to the parent's custody at the time of the termination hearing." *E.H.*, 2017 WL 2684420, at *1. Dominic only challenges this final element.

On de novo review, we conclude there is clear and convincing evidence supporting the termination of Dominic's parental rights pursuant to Iowa Code section 232.116(1)(h). By way of background, this family came to the attention of the Iowa Department of Human Services (IDHS) after S.L.'s umbilical cord tested positive for methamphetamine and amphetamines. IDHS administered hair tests to both Dominic and S.L.'s mother, Tiffany. Both parents tested positive for methamphetamine. S.L. was subsequently removed and adjudicated a child in need of assistance.

Throughout the course of these proceedings, Dominic failed to maintain sobriety. He had ten patch tests administered; six came back positive for methamphetamine. Dominic also tested positive for methamphetamine in four urinalyses. Dominic has missed a supermajority of the drug tests offered to him. Although Dominic was offered 105 opportunities to test, he underwent only thirty tests. *See In re A.S.*, No. 17-1499, 2017 WL 6026724, at *2 (Iowa Ct. App. Nov. 22, 2017) (finding a parent missing drug tests militates in favor of termination of parental rights); *In re C.W.*, No. 14-1501, 2014 WL 5865351, at *2 (Iowa Ct. App. Nov. 13, 2014) (presuming missed drug tests are positive). Dominic's consistent

substance abuse has created an appreciable risk of adjudicatory harm for S.L. *See In re J.S.*, 846 N.W.2d 36, 42 (Iowa 2014) ("[A] juvenile court could reasonably determine that a parent's active addiction to methamphetamine is 'imminently likely' to result in harmful effects to the physical, mental, or social wellbeing of the children in the parent's care."); *In re T.G.*, No. 18-1195, 2019 WL 156663, at *2 (Iowa Ct. App. Jan. 9, 2019) ("Alexandra's continued substance abuse creates an appreciable risk of harm to T.G."); *In re J.M.*, No. 18-0163, 2018 WL 1631391, at *2 (Iowa Ct. App. Apr. 4, 2018) (collecting cases establishing that a parent's substance abuse creates a risk of harm for his or her child).

Despite the fact Dominic has repeatedly tested positive for methamphetamine, he has denied using methamphetamine. Dominic's denial of his substance abuse hinders his ability to address the problem, obtain treatment, and place himself in a position to resume care of the child. *See In re J.S.*, No. 17-1536, 2017 WL 6033884, at *3 (Iowa Ct. App. Dec. 6, 2017) ("[The mother's] inability to be fully honest about her use of methamphetamine and to achieve sobriety cause significant instability that makes it impossible for her to safely parent the children."); *In re A.L.*, No. 17-0970, 2017 WL 4050985, at *3 (Iowa Ct. App. Sept. 13, 2017) (finding a parent's "persistent and implausible denials" of substance abuse supports termination of parental rights). Furthermore, because Dominic has been unwilling to address his substance abuse, he has failed to progress past fully-supervised visits with S.L. *See In re M.C.*, No. 18-0875, 2018 WL 6418760, at *4 (Iowa Ct. App. Dec. 5, 2018) (finding parents' failure to progress past fully-supervised visits supported termination of their parental rights); *In re B.L.-F.*, No. 11-0558, 2011 WL 4953038, at *1 (Iowa Ct. App. Oct. 19, 2011)

(affirming termination of father's rights when he "never managed to progress to semi-supervised or unsupervised visitation").

Also supporting the termination of Dominic's parental rights is his inability to obtain safe and suitable housing for himself and the child. *See In re O.N.*, No. 17-0918, 2017 WL 3525324, at *4 (Iowa Ct. App. Aug. 16, 2017) (finding a mother's inability to obtain stable housing militated in favor of termination of her parental rights); *In re B.T.*, No. 01-0920, 2002 WL 985533, at *1 (Iowa Ct. App. May 15, 2002) ("Nancy failed to show she could maintain a stable home environment for Brittney over the long-term. Therefore, we agree with the juvenile court's decision to terminate Nancy's parental rights."). Dominic and Tiffany previously lived in a truck for a year. *See T.G.*, 2019 WL 156663, at *2 (finding the fact a mother lived in her car for a period of time supported a finding she was unable to provide for the physical needs of her child). Afterwards, they lived in transitional housing until they were evicted because of a founded report of child abuse. Since then, they have lived with friends, in a motel for over a month, and in their vehicles. Although they are now renting an apartment, their turbulent housing history casts doubts on how long they will reside there.

Dominic also has a history of unstable employment. *See O.N.*, 2017 WL 3525324, at *4 (finding a mother's inability to obtain stable employment militated in favor of termination of her parental rights); *In re J.C.*, No. 17-0750, 2017 WL 3283395, at *3 (Iowa Ct. App. Aug. 2, 2017) (collecting cases finding a parent without stable employment "cannot provide for the basic physical needs" of a child). Dominic has had a handful of jobs during the pendency of this case, none of which he maintained. He has also been unemployed for stretches of time. *See*

*In re A.E.*, No. 01-1259, 2002 WL 663770, at *3 (Iowa Ct. App. Apr. 24, 2002) (finding a parent's unemployment supports termination of parental rights).

In sum, on de novo review, we conclude there is sufficient evidence to terminate Dominic's parental rights pursuant to Iowa Code 232.116(1)(h).

We next address Dominic's claim that termination of his parental rights is not in S.L.'s best interest. When considering a child's best interest, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). We consider both the long-term and immediate interests of the child. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). A parent's past performance provides us with insight into his or her future performance. *See In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012); *J.E.*, 723 N.W.2d at 798.

The evidence establishes termination of Dominic's parental rights is in the child's best interest. Dominic's drug use, lack of stable housing, and inability to maintain employment demonstrate his inability to meet the physical, mental, social, and emotional needs of the child. *See In re S.B.*, No. 17-0098, 2017 WL 1102751, at *2 (Iowa Ct. App. Mar. 22, 2017) ("[T]he mother's failure to utilize the recommended services and her continued methamphetamine use are indications that she is unable to provide S.B. with the permanency and stability that are essential to S.B.'s best interests."); *In re M.S.*, No. 15-0837, 2015 WL 4163184, at *2 (Iowa Ct. App. July 9, 2015) ("The mother's failure to address her substance abuse and mental health issues has made it impossible for her to provide M.S. even the most basic parental care."). "We refuse to ask the child to wait for a

parent to become stable, especially when past behavior indicates the parent is unwilling or unable to change." *In re K.M.*, No. 16-1564, 2017 WL 362007, at *2 (Iowa Ct. App. Jan. 25, 2017).

We next consider whether Dominic's bond with S.L. should preclude termination of his parental rights. Even when the State has proved its case by clear and convincing evidence, the juvenile court has the authority to forego termination of the parent's rights if the parent proves by clear and convincing evidence that termination of the parent's rights "would be detrimental to the child . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). This power is permissive rather than mandatory. *See T.G.*, 2019 WL 156663, at *3.

S.L. was removed from Dominic's care when the child was three months old. Although there is a bond between Dominic and S.L., the child's removal at such a young age has limited that bond. *See In re M.G.*, No. 18-0650, 2018 WL 3912192, at *3 (Iowa Ct. App. Aug. 15, 2018) (finding a child's young age militates against finding a strong parent-child bond); *In re A.N.*, No. 11-0757, 2011 WL 3689165, at *5 (Iowa Ct. App. Aug. 24, 2011) ("Caseworkers indicated a bond does exist between the parents and the child. However, the bond is limited considering the child's young age and the time he has spent out of their care."). Furthermore, Dominic's failure to progress past fully-supervised visits has also been a barrier in developing the parent-child bond. *See In re M.T.*, No. 14-2133, 2015 WL 1055518, at *3 (Iowa Ct. App. Mar. 11, 2015) (finding limited visitation hampers establishing a strong parent-child bond). As a result, we do not find that the bond between

Dominic and S.L. is so strong that termination of his parental rights would be more detrimental to the child than proceeding with termination.

We last resolve Dominic's claim he should be granted an additional six months to work toward reunification. The juvenile court may grant the parent an additional six months' time if the court "determin[es] that the need for removal of the child from the child's home will no longer exist at the end of [an] additional six-month period." Iowa Code § 232.104(2)(b).

In determining whether an additional six months' time will address the need for removal, we look, in large part, to the parent's past conduct. "A parent's past conduct can provide insight into his or her future conduct." *In re H.L.*, No. 18-1975, 2019 WL 478903, at *2 (Iowa Ct. App. Feb. 6, 2019). Over the life of this case, Dominic was unwilling to admit to using controlled substances; as a result, he failed to take the first step in resolving his abuse of controlled substances. Based on his past performance, it is unlikely Dominic will resolve the issues necessitating continued intervention into this family. *See J.M.*, 2018 WL 1631391, at *3 (finding a father's failure to address his substance-abuse issues throughout the pendency of the case militates in favor of denying an additional six months to work toward reunification); *In re I.V.*, No. 15-0608, 2015 WL 4486237, at *2 (Iowa Ct. App. July 22, 2015) ("While the mother states she now has a willingness to address her substance abuse problem, there is nothing to indicate she could resolve the problem and provide constant and reliable care for I.V. if granted additional time to work toward reunification."). We affirm the district court's denial of an additional six months to work toward reunification.

For the above-stated reasons, we affirm the termination of Dominic's parental rights.

**AFFIRMED.**